# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation, as successor in interest to Gulf Insurance Company,<br><br>        Plaintiff,<br>vs.<br><br>CHRISTOPHER HOMES, LLC, a Nevada limited liability company; J. CHRISTOPHER STUHMER, individually and as Trustee of THE JCS FAMILY #1 TRUST DATED AUGUST 30, 2001 and THE JCS FAMILY #2 TRUST DATED DECEMBER 10, 2001; MARK A. STUHMER, as Trustee of THE JCS FAMILY #1 TRUST DATED AUGUST 30, 2001; MICHELLE D. STUHMER, individually; THE JCS FAMILY #1 TRUST DATED AUGUST 30, 2001; and THE JCS FAMILY #2 TRUST DATED DECEMBER 10, 2001,<br><br>        Defendants. | Case No.: 2:13-cv-01189-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion for Summary Judgment (ECF No. 16) filed by Plaintiff Travelers Indemnity Company ("Plaintiff"). Defendants filed a Response and Countermotion for Relief Under Rule 56(d). (ECF Nos. 22, 23.) Plaintiff subsequently filed a Reply and Response to Defendants' Countermotion. (ECF Nos. 24, 25.) Finally, Defendants filed a Reply to Plaintiff's Response to Defendants' Countermotion. (ECF No. 26.)

**I.  BACKGROUND**

This case involves surety bonds that Plaintiff issued to Defendants in connection with Defendants' performance of construction services. (Compl. ¶ 14, ECF No. 1.) To obtain the

requested surety bonds, Defendants executed a General Agreement of Indemnity in favor of Plaintiff. (*Id.* ¶ 15.) These bonds "guaranteed Defendants' performance of certain specified real estate development / construction-related work in connection with the development of real property." (*Id.* ¶ 17.) Thereafter, Defendants allegedly experienced difficulty fulfilling their obligations on the development projects that the subject surety bonds covered. (*Id.* ¶ 18.) As a result, Plaintiff "investigated and, as appropriate, satisfied claims against the Bonds that it issued on behalf of and/or at the request of Defendants." (*Id.*)

Plaintiff now seeks to recover the losses that it incurred when it satisfied these claims. (*Id.* ¶¶ 18–19.) Accordingly, Plaintiff initiated this action on July 8, 2013, alleging five causes of action: (1) Breach of Indemnity Agreement Against Defendants; (2) Specific Performance of Indemnity Agreement Against Defendants; (3) Equitable Indemnity Against Defendants; (4) Quia Timet Against Defendants; and (5) Declaratory Relief Against Defendants. (*Id.* ¶¶ 20–50.)

Subsequently, Plaintiff filed a Motion for Summary Judgment. (ECF No. 16.) However, because this Motion was filed more than four months before the close of discovery and more than five months before the dispositive motions deadline, (*see* Scheduling Order, ECF No. 15), Defendants filed a Countermotion requesting that this Court defer ruling on or deny Plaintiff's Motion for Summary Judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure (Countermot., ECF No. 23). For the reasons stated below, Defendant's Motion (ECF No. 23) is GRANTED and Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED without prejudice.

## II.    LEGAL STANDARD

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, "a district court should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment." *California. v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). Specifically, Rule 56(d) authorizes a court to

"defer considering the motion [for summary judgment] or deny it" when the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).  Thus, to obtain relief under Rule 56(d), the nonmovant must show "(1) that [it has] set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Campbell*, 138 F.3d at 779.

### III.     DISCUSSION

In their countermotion, Defendants assert that Plaintiff's Motion for Summary Judgment is premature because discovery has not yet closed and Defendants need additional time to conduct the discovery necessary to oppose Plaintiff's Motion. (Countermot. 17:4–18:23, ECF No. 23.)  The Court agrees.  Defendants have established the three requirements articulated by the Ninth Circuit in *California v. Campbell* and, thus, have established that they are entitled to relief under Rule 56(d).

First, Defendants provide a declaration of J. Christopher Stuhmer that details the discovery that Defendants still wish to complete and the facts that such discovery should reveal. (Countermot. Ex. A ¶¶ 16–24, ECF No. 23.)  Specifically, Defendants want additional time to depose the former Vice President of Defendant Christopher Homes, LLC on the issues of Travelers' failure to "notify [Defendant Christopher Homes, LLC] of [Plaintiff's] intent to retain an independent contractor and disburse bond funds." (*Id.* ¶ 17, 22.)  Defendants also seek facts relating to "what construction was needed to complete the projects" and how the costs to complete these projects escalated to nearly $300,000.00. (*Id.* ¶¶ 16, 19, 22.)  Second, Defendants have adequately established that "the facts sought exist," *California v. Campbell*, 138 F.3d at 779, by identifying the specific requests and the specific individuals whom Defendants would like to depose (Countermot. Ex. A. ¶¶ 22).  Finally, Defendants have demonstrated that these facts are essential to resist Plaintiff's Motion for Summary Judgment.

These facts not only contradict statements in Plaintiff's Motion for Summary Judgment, but also may aid Defendants in establishing their affirmative defenses of equitable estoppel and bad faith, (*see* Answer 3:¶¶1–2, ECF No. 13).

In its opposition, Plaintiff argues that it has carried its burden and is entitled to summary judgment. (Pl.'s Reply & Resp. 16:12–18:12, ECF No. 25.)  Plaintiff further contends that Defendants have failed to explain why the evidence that they seek would preclude summary judgment in favor of Plaintiff. (*Id.*)  However, contrary to Plaintiff's assertions, the facts that Defendants seek could preclude summary judgment because the discovery that Defendants seek are directly related to the issues of Plaintiff's alleged failure to provide adequate notice of intent to distribute the bond funds and whether the amount that Plaintiff allegedly disbursed was reasonable for the work that Defendants had not completed.

Therefore, because Defendants have not had an opportunity to complete discovery[1] and have asked for additional time under Rule 56(d), Plaintiff's Motion for Summary Judgment will not be considered at this time and is therefore DENIED without prejudice.

IV.  **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Countermotion for Rule 56(d) Relief (ECF No. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED** without prejudice.

**DATED** this __19__ day of June, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[1] The propriety of Rule 56(d) relief is further supported by the fact that not only is discovery not yet closed, but the parties also recently stipulated to continue the discovery cut-off date from July 6, 2014, to September 5, 2014. (Order on Stipulation, ECF No. 28.)